IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BENNY KOLLMAR TRINIDAD,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Petitioner,　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　　　Case No. CIV-11-873-M
　　　　　　　　　　　　　　　　)
MICHAEL ADDISON, Warden,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Respondent.　　　　)

**Report and Recommendation:**
**Timeliness of the Action**

Mr. Benny Trinidad challenges the validity of a guilty plea and the decision by prison administrators to disallow earned credits and parole consideration on a sentence for lewd molestation.[1] The threshold issue is whether a writ of habeas corpus would be time-barred. The Court should answer in the affirmative and deny habeas relief.

I.　　Background

After pleading guilty, Mr. Benny Trinidad was convicted in state district court of second degree rape and lewd molestation.[2] The sentencing took place on November 13, 2002.[3]

---

[1]　　Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 6, 8 (file-stamped Aug. 2, 2011).

[2]　　*See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1 (file-stamped Aug. 2, 2011).

[3]　　*See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1 (file-stamped Aug. 2, 2011).

He allegedly learned after the sentencing that under state law, he would need to serve at least 85% of his prison term in prison.  Claiming that he did not know of this requirement at the time of the guilty plea, Mr. Trinidad filed a post-conviction application on March 30, 2007.[4]  The state district court dismissed the application,[5] and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed on September 11, 2007.[6]

Mr. Trinidad allegedly did not obtain earned credits while in prison.  The inability to earn credits led him to seek administrative relief on October 8, 2007.[7]  These proceedings continued until June 6, 2008, when relief was denied.[8]

He then requested mandamus relief in state district court on April 22, 2008.[9]  This application was denied on May 23, 2008.[10]

---

[4]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment C at pp. 3, 5-6, 8-10 (file-stamped Aug. 2, 2011).

[5]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment D at p. 9 (file-stamped Aug. 2, 2011).

[6]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment E (file-stamped Aug. 2, 2011).

[7]     Partial Answer Seeking Dismissal of Time Barred Petition, Exhibit 2 at p. 2 (Sept. 12, 2011).

[8]     *See* Partial Answer Seeking Dismissal of Time Barred Petition, Exhibit 2 (Sept. 12, 2011).

[9]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachments F-G (file-stamped Aug. 2, 2011).

[10]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment H (file-stamped Aug. 2, 2011).

The Petitioner then filed a motion for an order *nunc pro tunc* on September 25, 2008.[11] The motion was denied on September 30, 2008,[12] and the appeal was not initiated until November 20, 2008.[13]  The appeal was dismissed on timeliness grounds.[14]

Mr. Trinidad filed another post-conviction application on February 9, 2009, asking for leave to appeal out of time.[15]  The state district court denied the application on February 23, 2009.[16]  On March 23, 2009, Mr. Trinidad pursued the matter in the OCCA, filing an application for leave to appeal out of time.[17]  This application was denied on May 21, 2009.[18]

---

[11]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment K (file-stamped Aug. 2, 2011).

[12]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment L (file-stamped Aug. 2, 2011).

[13]     *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment L at p. 1 (file-stamped Aug. 2, 2011).

[14]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment O (file-stamped Aug. 2, 2011).

[15]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment P (file-stamped Aug. 2, 2011).

[16]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment Q (file-stamped Aug. 2, 2011).

[17]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment R (file-stamped Aug. 2, 2011).

[18]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment S (file-stamped Aug. 2, 2011).

On December 29, 2009, Mr. Trinidad filed a petition in state district court for habeas or mandamus relief.[19]  The petition was denied on April 15, 2010.[20]

On May 17, 2010, Mr. Trinidad filed a petition for habeas or mandamus relief in the state supreme court.[21]  The matter was transferred to the OCCA, where relief was denied on June 22, 2010.[22]

The federal habeas petition was filed on July 28, 2011.[23]

---

[19]    Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment T (file-stamped Aug. 2, 2011).

[20]    Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment U (file-stamped Aug. 2, 2011).

[21]    *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment W (file-stamped Aug. 2, 2011).

[22]    Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Attachment W (file-stamped Aug. 2, 2011).

[23]    The habeas petition was stamped by the Court Clerk on August 2, 2011.  But, on July 28, 2011, Mr. Trinidad verified under penalty of perjury that he had put the petition in the prison mailing system on July 28, 2011.  Thus, the petition is deemed "filed" as of July 28, 2011.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a prisoner's notice of appeal is deemed "filed" when he delivers it "to prison authorities for forwarding to the District Court"); *see also* Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.").

II.     The Limitations Period

A one-year period of limitations ordinarily exists, beginning with the date that the judgment had become final.[24]   However, the period can be extended when the factual predicate for the claim was not reasonably discoverable at that time.[25]

III.    Determination of the Amount of Time That Had Passed Without Tolling

The conviction would ordinarily be considered "final" ten days from the sentencing because the conviction had been based on a guilty plea.[26]  The ten-day period would have ended on a Saturday (November 23, 2002),[27] and the next business-day was November 25, 2002.  As a result, the conviction would generally be considered "final" on November 25, 2002.[28]  The limitations period would ordinarily have ended one year later,[29] on November 25, 2003.

As noted above, however, the period can be extended when the factual predicate for the claim was not reasonably discoverable when the conviction became final.[30]   This

_____

[24]     *See* 28 U.S.C. § 2244(d)(1)(A) (2006).

[25]     *See* 28 U.S.C. § 2244(d)(1)(D) (2006).

[26]     *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (stating that a conviction became final ten days after an Oklahoma defendant's entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal).

[27]     *See supra* p. 1.

[28]     *See* Okla. Stat. tit. 25 § 82.1(A), (C) (2001).

[29]     *See supra* p. 5.

[30]     *See supra* p. 5.

exception is arguably applicable on the claim involving an inability to obtain earned credits. However, the action would remain untimely even with additional time to learn the factual predicate for this claim, as Mr. Trinidad obtained a review of his earned credits on March 29, 2007.[31]   At that point, the Petitioner could reasonably have discovered that he was not obtaining earned credits.

A similar issue arose in *Algenstedt v. Champion*, 42 Fed. Appx. 129 (10th Cir. June 11, 2002) (unpublished op.).  There an Oklahoma prisoner alleged that prison officials had been miscalculating his earned credits for years.[32]   For purposes of 28 U.S.C. § 2244(d)(1)(D), the issue of timeliness turned on when the habeas petitioner should reasonably have known that prison officials were miscalculating his credits.[33]   The Tenth Circuit Court of Appeals held that the petitioner should reasonably have been able to learn the factual predicate for his claim by review of the CRC cards that he had received.[34]

Like the petitioner in *Algendstedt*, Mr. Trinidad could reasonably have determined that he was not receiving earned credits when he was shown the credits he was receiving on March 29, 2007.[35]  Thus, under 28 U.S.C. § 2244(d)(1)(D), the limitations period would have

---

[31]     *See* Partial Answer Seeking Dismissal of Time Barred Petition, Exhibit 1 (Sept. 12, 2011).

[32]     *See Algenstedt v. Champion*, 42 Fed. Appx. 129, 130 (10th Cir. June 11, 2002) (unpublished op).

[33]     *See Algenstedt v. Champion*, 42 Fed. Appx. 129, 131 (10th Cir. June 11, 2002) (unpublished op).

[34]     *See Algenstedt v. Champion*, 42 Fed. Appx. 129, 131 (10th Cir. June 11, 2002) (unpublished op).

[35]     *See supra* p. 6.

ended one year later - March 29, 2008 - without any tolling.  Because March 29, 2008, was a Saturday, however, Mr. Trinidad would have had until the following Monday (March 31, 2008) to file a habeas petition.[36]

IV.    The Petitioner's Argument Regarding Three State Appellate Decisions

In the habeas petition, Mr. Trinidad argues that he should receive additional time because he did not know that he could attack the conviction for lewd molestation until issuance of the decisions in three cases: *Anderson v. State*, 130 P.3d 273 (Okla. Crim. App. 2006), *Ferguson v. State*, 143 P.3d 218 (Okla. Crim. App. 2006), and *Pickens v. State*, 158 P.3d 482 (Okla. Crim. App. 2007).[37]  But these decisions would not affect the limitations period under Section 2244(d)(1).  This provision sets a one-year limitations period from the date that the conviction becomes final, the date that a statutory filing impediment is removed, the Supreme Court's announcement of a newly recognized constitutional right, or a delay before the factual predicate had become reasonably discoverable.[38]  The state appeals court's decisions do not affect the finality of Mr. Trinidad's conviction, relate to a state filing

---

[36]    *See* Fed. R. Civ. P. 6(a)(1)(C).

[37]    Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 12-13 & notes 2-4 (file-stamped Aug. 2, 2011).  In *Anderson v. State*, the OCCA held for the first time that jurors must be instructed on the "85 % Rule."  *Anderson v. State*, 130 P.3d 273, 278 (Okla. Crim. App. 2006).  In *Ferguson v. State*, the court held that a plea of *nolo contendere* was not voluntary when the defendant had not been advised of the application of the "85 % Rule."  *Ferguson v. State*, 143 P.3d 218, 218-19 (Okla. Crim. App. 2006).  In *Pickens v. State*, the appellate court extended the *Ferguson* holding to guilty pleas involving rape and lewd molestation.  *Pickens v. State*, 158 P.3d 482, 483 (Okla. Crim. App. 2007).

[38]    *See* 28 U.S.C. § 2244(d)(1)(A)-(D) (2006).

impediment, constitute a Supreme Court decision on a newly recognized constitutional right, or disclose a new factual predicate for the habeas claim. At most, the decisions in *Anderson*, *Ferguson*, and *Pickens* might have alerted Mr. Trinidad to a new legal argument. Although the availability of this argument might have been important to Mr. Trinidad, it would not have affected the start-date of the one-year limitations period under 28 U.S.C. 2244(d)(1).[39]

## V.    Effect of Statutory Tolling on the Determination of the Time that Had Passed

Federal law provides tolling for post-conviction proceedings "with respect to the pertinent judgment or claim."[40] Mr. Trinidad has pursued post-conviction relief, requested administrative relief, filed a mandamus application, requested state habeas or mandamus relief, and moved for a *nunc pro tunc* order.[41] Even with tolling for all of these proceedings,[42] the present habeas action would remain untimely.

---

[39]    *See Baker v. Saffle*, 229 F.3d 1162, 2000 WL 1144971, Westlaw op. at 1 (10th Cir. Aug. 14, 2000) (unpublished op.) (holding that an opinion by the OCCA did not trigger the limitations period under Section 2244(d)(1)(C) because this provision is limited to Supreme Court decisions); *see also Brice v. Dinwiddie*, 2009 WL 838141, Westlaw op. at 1, 4 (W.D. Okla. Mar. 26, 2009) (unpublished op.) (stating that a habeas petitioner's "discovery of a legal argument . . . in *Ferguson* did not trigger the application of § 2244(d)(1)(D)" (citations omitted)).

[40]    28 U.S.C. § 2244(d)(2) (2006).

[41]    *See supra* pp. 1-4.

[42]    As stated in the text, tolling is only available when the post-conviction proceeding involves "the pertinent judgment or claim." *Supra* p. 8 & note 40 (quoting 28 U.S.C. § 2244(d)(2) (2006)). Some of the post-judgment motions related to the validity of the guilty plea, and others addressed the decision by prison administrators to apply the "85% Rule" to Mr. Trinidad's sentences. Thus, even with tolling, the additional time would be limited in some instances to one of the two habeas claims. However, the present action would be considered untimely even if the Court were to assume *arguendo* that Mr. Trinidad is entitled to statutory tolling on both habeas claims for each of the post-judgment proceedings. *See infra* pp. 9-16. As a result, the Court need not decide whether to restrict the statutory tolling to one of the two "judgments" being challenged by Mr. Trinidad.

A.    Tolling for the First Post-Conviction Proceedings (March 30, 2007 - September 11, 2007)

One day after the presumed beginning of the limitations period, Mr. Trinidad filed a post-conviction application.[43]  The state district court dismissed the application,[44] and the OCCA upheld the ruling on September 11, 2007.[45]  Mr. Trinidad is entitled to statutory tolling for this period,[46] and the one-year period would have restarted on September 11, 2007.

B.    Tolling for Administrative Proceedings: (October 8, 2007 - June 6, 2008)

Twenty-seven days later, on October 8, 2007, Mr. Trinidad initiated administrative proceedings to complain about the inability to accumulate credits.[47]  These proceedings continued until June 6, 2008.[48]  The Court can assume *arguendo* that the Petitioner is entitled to further tolling based on his administrative claims involving the inability to earn credits.[49]

---

[43]    *See supra* p. 2.

[44]    *See supra* p. 2.

[45]    *See supra* p. 2.

[46]    *See supra* p. 8.

[47]    *See supra* p. 2.

[48]    *See supra* p. 2.

[49]    *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) ("we conclude that where . . . a petitioner timely and diligently exhausts his administrative remedies, § 2244(d)(1)(D)'s one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final" (footnote omitted)).

With this assumption, only 27 days would have passed since the recommencement of the limitations period on September 11, 2007.  The administrative proceedings would have delayed the restart of the limitations period until June 6, 2008.

###### C.    Tolling for Mandamus Proceedings: (April 22, 2008 - May 23, 2008)

Mr. Trinidad also filed a mandamus petition on April 22, 2008.[50]  The Court may assume *arguendo* that this filing had constituted a post-conviction application for purposes of tolling.  But the petition was denied on May 23, 2008.[51]  And, for the entire duration of the mandamus proceedings, Mr. Trinidad was pursuing administrative relief.  As discussed above, the Court may assume *arguendo* that Mr. Trinidad is entitled to tolling for the administrative action.[52]  Thus, tolling for the mandamus proceedings would not have given Mr. Trinidad any additional time to seek habeas relief.

###### D.    Tolling for Proceedings to Obtain a *Nunc Pro Tunc* Order (September 25, <u>2008 - October 30, 2008)</u>

As noted above, the Petitioner filed a motion for an order *nunc pro tunc* on September 25, 2008.[53]  By this time, 111 days had passed since termination of the administrative proceedings.[54]

---

[50]    *See supra* p. 2.

[51]    *See supra* p. 2.

[52]    *See supra* pp. 9-10.

[53]    *See supra* p. 3.

[54]    *See supra* pp. 2, 9.

The state district court denied the motion for *nunc pro tunc* relief on September 30, 2008.[55] The Court can assume *arguendo* that this proceeding also involved a post-conviction application for purposes of tolling.[56] However, the proceeding was not pending for long enough to materially affect the limitations period. The state district court denied the *nunc pro tunc* application, and this ruling became final 30 days later (October 30, 2008).[57]

---

[55]     *See supra* p. 3.

[56]     This Court has held that a motion for a *nunc pro tunc* order does not constitute a post-conviction application for purposes of statutory tolling. *Brown v. Sirmons*, Case No. CIV-05-16-C, slip op. at 2 (W.D. Okla. Dec. 29, 2005) (Cauthron, J.; unpublished op.). But the Court can assume a contrary view here, as the habeas action would be untimely even with tolling for the *nunc pro tunc* proceedings.

[57]     The Petitioner appealed the ruling on November 20, 2008. *See supra* p. 3. But the appeal was not "properly filed" because it was too late. *See supra* p. 3. As a result, the tolling ended 30 days after the ruling, when the appeal deadline expired. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n.4 (10th Cir. 1998) ("We may not count the additional time during which Hoggro appealed the denial of his application for post-conviction relief because that appeal was untimely."); *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (holding that even when a petitioner does not appeal the denial of post-conviction relief, "the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law"); *see also* Rule 5.2(C)(2) (2001), Rules of the Oklahoma Court of Criminal Appeals (30-day deadline for the filing of a petition in error to appeal the denial of post-conviction relief).

E.    Second Application for Post-Conviction Relief (February 9, 2009 - May 21, 2009)

Mr. Trinidad did not take any further action for 102 days, when he filed a second post-conviction application on February 9, 2009.[58]  These proceedings continued until May 21, 2009, when the OCCA upheld the denial of post-conviction relief.[59]  Statutory tolling is arguably available for this period of time:  February 9, 2009, to May 21, 2009.[60]

F.    Application for State Habeas or Mandamus Relief (December 29, 2009 - May 17, 2010)

Two hundred and twenty-two days after this period had ended, Mr. Trinidad initiated a state court action for habeas or mandamus relief.[61]  These proceedings remained pending in state district court between December 29, 2009, and April 15, 2010.[62]  Mr. Trinidad is arguably entitled to tolling for this period.[63]

---

[58]    *See supra* p. 3.

[59]    *See supra* p. 3.

[60]    *See supra* p. 9 (discussing statutory tolling for the first round of post-conviction proceedings).

[61]    *See supra* p. 4.

[62]    *See supra* p. 4.

[63]    *See Rhines v. Weber*, 544 U.S. 269, 272 (2005) (stating that the limitations period was tolled under 28 U.S.C. § 2244(d)(2) while the state habeas petition was pending).

There was no appeal.[64]  But because Mr. Trinidad had 30 days to appeal, he is entitled

to tolling for this period.[65]  Thus, any tolling would have continued from April 15, 2010, to

May 17, 2010.[66]

G.    State Application for Habeas or Mandamus Relief (May 17, 2010 - June 22, 2010)

On the last day of this period, Mr. Trinidad filed a petition in the state supreme court

for habeas or mandamus relief.[67]  These proceedings continued until June 22, 2010.[68]  The

Court may assume *arguendo* that the limitations period was tolled while the proceedings

were taking place.  Thus, any tolling would have continued until June 22, 2010.

H.    Computation of the Start-Date for the Limitations Period with the Accumulation of Tolling for the Various Administrative and Judicial Proceedings

With tolling for the proceedings on his post-conviction applications, mandamus

petition, administrative filings, petitions for state habeas or mandamus relief, and application

for an order *nunc pro tunc*, 462 days would have elapsed between the start of the limitations

period (March 29, 2007) and the last day for tolling (June 22, 2010).  As noted above, Mr.

---

[64]    *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 5 (file-stamped Aug. 2, 2011).

[65]    *See supra* note 57.

[66]    The 30th day fell on May 15, 2010, but that was a Saturday.  Thus, Mr. Trinidad had until the next business day (May 17, 2010) to perfect the post-conviction appeal.  *See supra* note 28; *see also* Rule 1.5, Rules of the Oklahoma Court of Criminal Appeals (stating that the filing deadline is automatically extended when the Clerk's office is closed on the due-date).

[67]    *See supra* p. 4.

[68]    *See supra* p. 4.

Trinidad did not file the federal habeas petition until July 28, 2011.[69] By then, another 401 days had passed. Thus, even with the most generous assumptions for statutory tolling, 863 days would have counted against the limitations period since it had begun on March 29, 2007. As discussed above, Mr. Trinidad was only entitled to one year - 365 days - to file the habeas petition.[70] Thus, in the absence of additional tolling on equitable grounds, the habeas action would be considered untimely.

VI. <u>Equitable Tolling</u>

Mr. Trinidad urges equitable tolling based on legal ignorance and mental incapacity.[71] These arguments are not persuasive.

In appropriate circumstances, the limitations period may be tolled for equitable reasons.[72] However, equitable tolling would be available only if an extraordinary circumstance had prevented timely filing.[73] As a matter of law, the Petitioner cannot satisfy this burden by pointing to his ignorance of the law.[74]

---

[69] *See supra* p. 4 & note 23.

[70] *See supra* p. 5.

[71] Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 13 (file-stamped Aug. 2, 2011).

[72] *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010).

[73] *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[74] *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (equitable tolling is not justified by the prisoner's ignorance of the law).

Mr. Trinidad also alleges mental incapacity.[75]  The Tenth Circuit Court of Appeals "has never held that an individual's mental incapacity entitles him to equitable tolling."[76] Even if equitable tolling were theoretically possible for mental incapacity, however, Mr. Trinidad would not have satisfied his burden.  At a minimum, this burden would require a "factual showing of mental incapacity."[77]  Mr. Trinidad has not satisfied this burden because he has failed to provide any evidence of such an illness[78] or describe how it had prevented timely filing of the claims.[79]

Indeed, as discussed above, the Petitioner had filed numerous documents seeking judicial or administrative relief between March 2007 and June 2010.[80]  These filings reflect an ability to seek judicial relief even with the alleged mental hardships.

---

[75]    *See supra* p. 14.

[76]    *Harms v. Internal Revenue Service*, 321 F.3d 1001, 1006 (10th Cir. 2003) (citation omitted); *see also Brown v. Dinwiddie*, 280 Fed. Appx. 713, 715 (10th Cir. May 30, 2008) (unpublished op.) ("we have never recognized mental incapacity as a justification for equitable tolling" (citation omitted)).

[77]    *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (holding that the habeas petitioner would not be entitled to equitable tolling, even if his "argument could be legally credited," because of the failure to make a "factual showing of mental incapacity").

[78]    The Petitioner stated that he was attaching an affidavit by a mental health provider.  But no such document was filed.

[79]    *See Fogle v. Slack*, 419 Fed. Appx. 860, 866 (10th Cir. Apr. 8, 2011) (unpublished op.) (upholding rejection of equitable tolling based on mental illness without evidence or an explanation of how the mental illness had prevented timely filing), *cert. denied*, __ U.S. __, 132 S. Ct. 231 (2011).

[80]    *See supra* pp. 1-4.

Mr. Trinidad downplays these filings by acknowledging assistance from other prisoners.[81]  Even if Mr. Trinidad had obtained help from other inmates, however, his previous submissions reflect an ability to seek court action even with the alleged mental hardships.[82]  Consequently, equitable tolling is not warranted.

VII.   Summary

Without equitable tolling, Mr. Trinidad had to file a federal habeas petition within 365 days of the date that the underlying judgment had become final.  Instead, he would have waited 863 days even if the Court were to indulge the most generous assumptions on statutory tolling.  The 863-day delay would render the present action untimely.

VIII.   Notice of the Right to Object

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.[83]  The deadline for objections is February 13, 2012.[84]

---

[81]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 13 (file-stamped Aug. 2, 2011).

[82]     *See Biester v. Midwest Heath Services, Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (concluding that the claimant's pursuit of his claim would prevent equitable tolling based on mental incapacity); *Jones v. Addison*, 386 Fed. Appx. 748, 749 (10th Cir. July 9, 2010) (unpublished op.) (holding that the habeas petitioner's "frequent litigation," since the beginning of the limitations period, would prevent equitable tolling based on mental incapacity; *Knox v. Workman*, 2010 WL 4117449, Westlaw op. at 4 (W.D. Okla. Sept. 13, 2010) (unpublished report and recommendation by magistrate judge) (concluding that "if a litigant is capable of pursuing legal remedies during the relevant time period, equitable tolling based upon mental incapacity is not appropriate"), *adopted*, 2010 WL 4118110 (W.D. Okla. Oct. 19, 2010) (unpublished order by district court judge).

[83]     *See* 28 U.S.C. § 636(b)(1) (2010 supp.).

[84]     *See* Fed. R. Civ. P. 6(d), 72(b)(2).

The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[85]

IX.     Status of the Referral

        The referral is discharged.

        Entered this 27th day of January, 2012.

                                    _Robert E. Bacharach_
                                    Robert E. Bacharach
                                    United States Magistrate Judge

---

[85]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).